UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ZHAOHUA YU,                                    17-CV-0656-WMS-MJR

                    Plaintiff,                 REPORT AND
                                               RECOMMENDATION

        v.

KING BUFFET IN
SPRINGVILLE, INC., et al.,

                    Defendants.
_____

        The instant case is pending before the Court following a dispositive referral from

the Hon. William M. Skretny.  The lawsuit was commenced by plaintiff Zhaohua Yu on

July 17, 2017 for incidents occurring during the course of his employment at King Buffet

in Springville, New York.  (Dkt. Nos. 1, 5).  Plaintiff alleged that defendants King Buffet in

Springville, Inc., Xiu Yan Zhang, Jinzhou Shi, and Wen Juan Pen violated various wage

and hour requirements under the Fair Labor Standards Act ("FLSA") and New York State

Labor Law.  (*Id.*).  The action was brought both as a collective action pursuant to the

FLSA and as a class action under Rule 23 of the Federal Rules of Civil Procedure.  (*Id.*).

The parties have submitted a notice to the Court indicating that it is their intent to settle

the matter between themselves prior to discovery and prior to a class and/or collective

action certification.  (Dkt. No. 26).

        Settlements that dismiss FLSA claims with prejudice require approval from the

District Court or the New York State Department of Labor.  *Cheeks v. Freeport Pancake

House*, 796 F.3d 199 (2d Cir. 2015).  The District Court is required to review the

settlement to ensure that it is fair and reasonable by taking into account the following

factors: (1) the plaintiff's possible range of recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (SDNY 2012).  In seeking approval of the settlement here, the parties have submitted their proposed settlement agreement and a joint letter discussing the factors in *Wolinsky*. (Dkt. No. 26).

After reviewing the parties' letter and the proposed settlement agreement, the Court concludes that the terms of the settlement are fair and reasonable, with the exception of some language in the release provisions of the agreement.  The parties have agreed to a settlement in the amount of $16,000.  They arrived at this number through an assessment of plaintiff's claims and anticipated recovery should he prevail, defenses that will be asserted, the anticipated cost and burden of moving forward with the action, and the litigation risks to both parties.  There were issues related to plaintiff's representation earlier in the case.  (Dkt. Nos. 10, 12, 16).  However, it is now clear based upon the parties' letter that those issues have been resolved and the settlement was negotiated and agreed to by counsel for both parties.  The proposed settlement agreement indicates that plaintiff has been represented by counsel through the negotiation and execution of the agreement.  There is no evidence of fraud or collusion.

With respect to attorney's fees, plaintiff signed a retainer agreement indicating that counsel would receive 1/3 of his recovery.  In addition, the parties represent that costs to plaintiff total $1,826.34, of which plaintiff's attorney is assigning $1000 to plaintiff.

Therefore, the overall recovery less costs borne by plaintiff and prior to attorney's fees is $15,000.  Both the letter and the agreement itself indicate that plaintiff's counsel will receive $1,000 (costs) and $5,000 (attorney's fees), and plaintiff will recover $10,000. Plaintiff's counsel attaches their time and billing records, and the tasks and amount of time spent on those tasks appear reasonable.  Indeed, a fee of $5,000 is less than the reasonable chargeable time that plaintiff's counsel has spent working on the case.  *Zhang v. Lin Kumo Japanese Rest. Inc.*, 13 Civ. 6667, 2015 WL 5122530, at *4 (SDNY Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs").

The proposed agreement also contains mutual releases by the parties.  Some courts in this Circuit have refused to approve FLSA settlement agreements with broad, general releases of claims on the basis that they conflict with the FLSA's remedial purposes.  *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13 CV 5008, 2016 WL 922223 at *2 (SDNY Feb. 3, 2016) ("In the recent cases where courts have rejected settlement agreements that included broad releases waiving non-FLSA claims against defendants, the releases were not mutual and protected only defendant."); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp.3d 170 (SDNY 2015) (courts typically reject broad FLSA releases purporting to "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."); *Cionca v. Interactive Realty, LLC*, 15-CV-05123, 2016 WL 3440554 (SDNY June 10, 2016) (approving FLSA settlement agreement "releasing both plaintiff and defendants from liability for any claims each may have against the other, up to the date the Agreement is signed, with the exception of personal injury or workers'

compensation claims by plaintiff…[because] plaintiff here is no longer an employee of the defendants, reducing the danger that the release was obtained through improper job related pressure.").

Here, a paragraph entitled "Mutual Release" indicates that plaintiff releases defendants from all lawsuits, claims and demands "concerning and arising from plaintiff's pay during his alleged employment with defendants." (Dkt. No. 26-1, pg. 3).  In that same paragraph defendants agree to release any claims they have or may have against plaintiff as of the date the agreement is signed.  (*Id.*).  This section appears reasonable because it is mutual and, with respect to plaintiff, is limited to wage claims arising during his employment.  It is suggested that the District Court instruct the parties to include the dates of plaintiff's employment in the section of this paragraph pertaining to plaintiff's release of claims, such that this paragraph does not imply that plaintiff is waiving future claims, employment related or otherwise.  A paragraph entitled "Agreement Not to File Suit/Arbitration for Past Acts" is more broadly worded and states that plaintiff agrees not to file any claim, complaint, arbitration request or action in any court or judicial forum against defendants "arising out of any actions or non-actions on the part of defendants before the execution of this agreement." (Dkt. No. 26-1, pg. 4).  It is suggested that the District Court instruct the parties to modify this portion of the paragraph so that the language mirrors the Mutual Release paragraph and states that plaintiff is waiving only wage and hour claims arising before the execution of the agreement and during the period of his employment.  Likewise, in the "Discontinuance of Claims" paragraph, the District Court should instruct the parties to remove the language "but not limited to" so that the

agreement not to refile includes only "any and all claims asserted, or which could have been asserted in the complaint." (*Id.*).

For these reasons, it is recommended that the District Court instruct the parties to make the changes to the release language suggested above, and then approve the proposed settlement agreement.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Skretny.  ***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y.  L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall*

be supported by legal authority."  **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**


     **SO ORDERED.**


DATED:     March 6, 2018
             Buffalo, New York


                        /s/ Michael J. Roemer
                        MICHAEL J. ROEMER
                        United States Magistrate Judge