# **REVISED SETTLEMENT AGREEMENT**

This Revised Settlement Agreement is made by and among, (i) ZHAOHUA YU (hereinafter "Plaintiff") (ii) KING BUFFET IN SPRINGVILLE, INC. d/b/a King Buffet, 298 SOUTH CASCADE SPRINGVILLE, INC. d/b/a King Buffet, and XIU YAN ZHANG, JINZHOU SHI a/k/a Gina Shi and WEN JUAN PAN (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiff was allegedly employed by Defendants for certain time periods; and

WHEREAS, on July 17, 2017, ZHAOHUA YU, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Western District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-00656 (the "Complaint"); and

WHEREAS, on July 28, 2017, Plaintiff filed his First Amended Complaint;

WHEREAS, Defendants deny all claims in Plaintiff's Complaint and Amended Complaint;

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Brian P. Fredericks, Esq., Schiller Law Group, P.C., 675 Third Avenue, Suite 2400, New York, NY 10017, Tel: 2127688700 and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount and Method of Payment**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of all claims against Defendants and the Releasees (as defined

herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Sixteen Thousand Dollars ($16,000.00).

The Settlement shall be payable on a schedule as set forth as follows:

(i) Sixteen Thousand Dollars ($16,000) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 30 days of judicial approval of this settlement agreement and consist of three (3) checks:
   a. A check made payable to "Troy Law, PLLC" in the amount of One Thousand Dollars ($1,000.00) and memo noting "King Buffet Settlement" representing a partial reimbursement of the out-of-pocket costs expended on behalf of Plaintiff for the present action;
   b. A check of Five Thousand Dollars ($5,000.00), made payable to "Troy Law, PLLC" and memo noting "King Buffet Settlement"; and
   c. A check of Ten Thousand Dollars ($10,000.00) made payable to "Zhaohua Yu" and memo noting "King Buffet Settlement".

**2. Missed/ Late Payment**

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Plaintiff's counsel shall provide notice of the payment deficiency to Defendants' counsel by e-mail at: bf@asfirm.com. If Defendants fail to cure the payment deficiency within seven (7) days, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the new payment.
b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.
c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

**3. Attorneys' Fees in the Event of Default**

d) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

**4. Acceleration of Settlement Sum Upon Default**

e) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

**5. Tax**

f) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

## 6. Full Payment

g) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless he enters into this agreement, he would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which he is, was, or may have been entitled.

h) The payments reflected in this Paragraph 1 are made in full and complete settlement of all claims by Plaintiff against Defendants including all claims arising from or concerning Plaintiff's pay during his alleged employment, for actual damages, liquidated damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiff's Complaint arising from or concerning Plaintiff's pay during his alleged employment.

## 7. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) XIU YAN ZHANG, in her individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) JINZHOU SHI a/k/a Gina Shi, in her individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) WEN JUAN PAN, in her individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) KING BUFFET IN SPRINGVILLE, INC. d/b/a King Buffet and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; and (v) 298 SOUTH CASCADE SPRINGVILLE, INC. d/b/a King Buffet and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees, from any and all actions, causes of action, claims, debts, losses, obligations, liabilities, charges, grievances, complaints, suits, and/or demands concerning and arising from Plaintiff's pay during his alleged employment with any Defendant. This release includes the release for unpaid, inaccurate payment or nonpayment of wages and tips under any federal, state, or local law, including but not limited to federal and New York law (29 U.S.C. §201, *et seq.*, New York Labor Law §§191, 193, 196-d, 198-b, 650, *et seq.*, 652 and 653 and relevant sections of N.Y. Comp. Code R. & Regs.) and any other claims whatsoever alleged in the Complaint and

Amended Complaint, namely Plaintiff's employment with Defendants from August 8, 2016 to March 4, 2017. This release does not include a release of any rights Plaintiffs may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understands that he has each waived his right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by his or on his behalf arising from, or in any way relating to, his employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

## 8. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw this action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including any and all claims asserted, or which could have been asserted, in the Complaint.

## 9. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's alleged employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

## 10. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Western District of New York, with the

prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 11. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 12. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 13. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 14. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 15. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE/ SHE HAS CAREFULLY READ THIS AGREEMENT, AND IF ENGLISH IS NOT HIS PRIMARY LANGUAGE THIS AGREEMENT HAS BEEN TRANSLATED TO HIM IN A SATISFACTORY MANNER BY A TRANSLATOR OF HIS CHOOSING, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

ZHAOHUA YU

*Zhaohua Yu*
Dated:

## DEFENDANTS

**XIU YAN ZHANG**

_Xiu Yan Zhang_
Dated: 4/10/2018

**JINZHOU SHI**

_Jinzhou Shi_
Dated: 04/10/2018

**WEN JUAN PAN**

_Wenjuan Pan_
Dated:

**KING BUFFET IN SPRINGVILLE, INC. d/b/a King Buffet**

_Xiu Yan Zhang_
Name:
Title:
Dated: 4/10/2018

**298 SOUTH CASCADE SPRINGVILLE, INC. d/b/a King Buffet**

_Wenjuan Pan_
Name:
Title: Own
Dated 04/10/2018

EXHIBIT A.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ZHAOHUA YU *et al.*

                                 Plaintiff,      Case No.17-cv-00656

        v.

KING BUFFET IN SPRINGVILLE, INC. d/b/a King    **STIPULATION AND ORDER OF**
Buffet *et al.*    **DISMISSAL WITH PREJUDICE**

                                Defendants.
-------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiff or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

| | |
|---|---|
| TROY LAW, PLLC<br>*Attorneys for the Plaintiff* | SCHILLER LAW GROUP, P.C.<br>*Attorneys for Defendants* |
| By: _____<br>John Troy (JT 0481)<br>41-25 Kissena Blvd., Suite 119<br>Flushing, NY 11355<br>Tel: 718 762 1324 | /s/ Brian P. Fredericks<br>Brian P. Fredericks, Esq.<br>675 Third Avenue, Suite 2400,<br>New York, NY 10017<br>Tel: 2127688700 |

SO ORDERED.

_____